﻿Citation Nr: 19159013
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-40 300
DATE: July 30, 2019

ORDER

The appeal seeking entitlement to service connection for a mental condition is dismissed as moot.

The appeal seeking entitlement to service connection for tinnitus is dismissed as moot.

The appeal seeking entitlement to service connection for a skin condition due to herbicide agents exposure is dismissed.

The appeal seeking entitlement to an initial compensable rating for service-connected bilateral hearing loss is dismissed.

FINDINGS OF FACT

1. The claim for service connection for a mental condition was granted in a July 2017 rating decision that awarded service connection for posttraumatic stress disorder (PTSD); there is no remaining case or controversy pertaining to the Veteran’s claim for service connection for a mental condition.

2. The claim for service connection for tinnitus was granted in a July 2017 rating decision; there is no remaining case or controversy pertaining to the Veteran’s claim for service connection for tinnitus.

3. On June 24, 2019, prior to the promulgation of a decision in the appeal, the Board received written notification from both the appellant and his representative that he wished to withdraw his appeals seeking entitlement to service connection for a skin condition due to herbicide agents exposure, and entitlement to an initial compensable rating for service-connected bilateral hearing loss.

CONCLUSIONS OF LAW

1. The claim for entitlement to service connection for a mental condition is dismissed as the benefit requested has been granted. 38 U.S.C. §§ 7104, 7105(b)(2), (d)(5); 38 C.F.R. §§ 19.4, 20.101, 20.202, 20.204.

2. The claim for entitlement to service connection for tinnitus is dismissed as the benefit requested has been granted. 38 U.S.C. §§ 7104, 7105(b)(2), (d)(5); 38 C.F.R. §§ 19.4, 20.101, 20.202, 20.204.

3. The criteria for withdrawal of the appeal seeking entitlement to service connection for a skin condition due to herbicide agents exposure have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

4. The criteria for withdrawal of the appeal seeking entitlement to an initial compensable rating for service-connected bilateral hearing loss have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from March 1965 to June 1969.

This case comes before the Board of Veterans’ Appeals (Board) on appeal of an April 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) that granted service connection for bilateral hearing loss, rated 0 percent, effective June 27, 2013; and denied service connection for tinnitus, a mental condition, and a skin condition. The Veteran filed a notice of disagreement with that decision that same month disagreeing with the initial rating assigned for his service-connected bilateral hearing loss and the denials of service connection. He subsequently perfected an appeal as to those issues in an August 2016 VA Form 9, substantive appeal, and requested a hearing before the Board. See also June 2016 Statement of the Case. 

While the Veteran’s appeal was awaiting the scheduling of a Board hearing, he filed an intent to file in January 2017, which was followed by a formal claim for benefits that was received in May 2017. In response, the RO issued a July 2017 rating decision that, in pertinent part, granted service connection for PTSD and tinnitus, rated 50 percent and 10 percent, respectively, both effective January 31, 2017; denied an increased (compensable) rating for bilateral hearing loss; and continued the denial of service connection for a skin condition.

1. Entitlement to service connection for a mental condition and for tinnitus. 

The Board has jurisdiction where there is a question of law or fact on appeal to the Secretary. 38 U.S.C. § 7104; 38 C.F.R. § 20.101. As noted above, the Veteran’s claims of service connection for a mental condition and for tinnitus have already been granted by the RO in a July 2017 rating decision that granted service connection for PTSD and for tinnitus. There is no remaining case or controversy pertaining to the Veteran’s claims of service connection for a mental condition or for tinnitus. Accordingly, the appeal as to those issues will be dismissed.

2. Entitlement to service connection for a skin condition and for an initial compensable rating for service-connected bilateral hearing loss.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204.

In June 2019, the Veteran submitted a Statement in Support of Claim (through his representative) in which he requested to withdraw his appeal that was filed in April 2014 for bilateral hearing loss, tinnitus, a mental condition, and a skin condition. The Veteran noted that he was granted benefits in a July 2017 rating decision and requested that his appeal be withdrawn as he was satisfied with VA’s decision in 2017. 

As the Veteran’s claims for service connection for a mental condition and for tinnitus were already granted in the above-discussed July 2017 rating decision, his only remaining issues on appeal are his claims for service connection for a skin condition due to herbicide agents exposure and for an initial compensable rating for service-connected bilateral hearing loss. As noted, however, the Veteran has requested to withdraw these issues from appeal. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeals and they are dismissed.

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. Alexander

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.